IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **ALISHA BRYANT,** | ) | FILED: MAY 27, 2008 |
| | ) | 08CV3058 J. N. |
| **Plaintiff,** | ) | JUDGE COAR |
| | ) **Case No.** | MAG. JUDGE NOLAN |
| v. | ) | |
| | ) | **JURY DEMAND REQUESTED** |
| **GOODWILL RETAIL SERVICES, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the PLAINTIFF, ALISHA BRYANT (hereinafter referred to as "Plaintiff"), by and through her attorneys and complaining of the Defendant, GOODWILL RETAIL SERVICES, INC., (hereinafter referred to as "Defendant" or "Goodwill"), states as follows:

### SUMMARY OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL"), for Defendant's failure to pay overtime wages to Plaintiff for all time worked in excess of forty (40) hours per work week and for Defendant's unlawful retaliation and discharge of Plaintiff in violation of the employee protection provisions of §215(a)(3) of the FLSA. Plaintiff also brings claims under the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.* ("IWPCA") for Defendant's unauthorized deductions from Plaintiff's wages and Defendant's failure and refusal to compensate Plaintiff for all time worked

2. Plaintiff was hired on or about October 29, 2007 by the Defendant and discharged on May 1, 2008. During her employment with the Defendant, the Plaintiff worked as retail supervisor and was paid $12.50 per hour.

3. Defendant is a Wisconsin corporation doing business in the State of Illinois, including this District. Defendant is an "employer" as that term is defined by the FLSA, the IMWL and the IWPCA.

4. Plaintiff was regularly scheduled to work in excess of 40 hours per week and Plaintiff regularly worked in excess of 40 hours per week.

5. The Defendant failed to keep accurate records of the time worked each week by the Plaintiff, shaved the actual hours worked by Plaintiff from her time records and made unauthorized deduction for meal and rest break periods not taken by the Plaintiff.

6. During the months of March and April, 2008, Plaintiff complained to Defendant's Human Resources department that management was shaving time, making deductions for break and meal times not taken and that she was not being paid properly for all overtime hours worked.

7. On May 1, 2008 approximately six weeks after her initial complaints, Defendant terminated Alisha Bryant in retaliation for opposing Defendant's unlawful wage and hour practices, including its failure to pay overtime wages. There was no legitimate business reason for Plaintiff's termination

8. The Plaintiff was not exempt from the FLSA, the IMWL or the IWPCA because she did not meet the tests for exemption under federal or state law.

9. This practice of failing to pay Plaintiff for actual hours worked and overtime compensation and then retaliating against Plaintiff by terminating her employment, violates provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, Illinois Minimum Wage Law, 820 ILCS §105/I *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.* Defendant's violations were willful. As a result of Defendant's unlawful practice, Plaintiff suffered a loss of wages.

## PARTIES, VENUE AND JURISDICTION

10. At all relevant times, Plaintiff, Alisha Bryant, has resided at 663 West 81st Street, Chicago, Illinois 60620.

11. Defendant is a business that operates and maintains offices in this District and throughout the State of Illinois.

12. Defendant is an "employer" as that term is defined under the FLSA, the IMWL and the IWPCA.

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

14. Venue is proper in this District, pursuant to 28 U.S.C. §1391, because the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## COUNT I - UNPAID OVERTIME UNDER THE FLSA

15. Plaintiff repeats and re-alleges the above paragraphs.

16. The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of 40 per week. Plaintiff regularly worked more than forty (40) hours per week, but was not paid overtime.

17. The foregoing actions of Defendant constitutes violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Defendant's actions were willful and not in good faith.

18. Defendant is liable to Plaintiff for actual damages, liquidated damages, reasonable attorneys' fees and costs and equitable relief, pursuant to 29 U.S.C. §216(b).

## COUNT II – VIOLATION OF THE ILLINOIS MINIMUM WAGE LAWS

19. Plaintiff repeats and re-alleges the above paragraphs.

20. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

21. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

22. At all relevant times herein, Defendant was Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendant's "employee" within the meaning of that Act.

23. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her regular rate of pay for time she worked in excess of forty (40) hours per week.

24. Defendants violated the Illinois Minimum Wage Law by failing to properly compensate Plaintiff at one and one-half times her regular rate of pay for all the time worked in excess of forty (40) hours per week.

25. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payment.

### COUNT III –VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT— UNPAID WAGES

26. Plaintiff repeats and re-alleges the above paragraphs.

27. Defendant was Plaintiff's "employer(s)" as defined in the IWPCA, 820 ILCS 115/1 *et seq.*, and Plaintiff was Defendant's "employee" within the meaning of that Act.

28. Defendant agreed to compensate Plaintiff for her work at the rate agreed to by the parties.

29. Defendant failed to compensate Plaintiff for all time she worked for Defendant at the rate agreed to by the parties in violation of the IWPCA.

30. Defendants violated the IWPCA by refusing to compensate Plaintiff for all time she worked for Defendants.

31. Plaintiff has been damaged by Defendant's failure to compensate her for all time he worked at the rate agreed to by the parties.

### COUNT IV – RETALIATORY DISCHARGE UNDER THE FLSA

32. Plaintiff repeats and re-alleges the above paragraphs.

33. The Defendant knowingly, intentionally and willfully retaliated against Alisha Bryant for opposing Defendant's unlawful wage and hour practices, including its failure to pay overtime wages, by terminating Alisha Bryant.

34. Defendant's violation of Plaintiff's rights under the FLSA caused her to suffer financial loss and other compensatory damages including, but not limited to: lost wages and benefits; injury to her career and professional reputations and emotional pain, distress, embarrassment, humiliation, mental anguish and loss of enjoyment of life.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, ALISHA BRYANT, by and through her attorneys demand judgment against the Defendant for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of her damages, the costs of this action and as follows:

    A.    Declare and find that the Defendant committed one or more of the following acts:

        i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff;

        ii. Willfully violated overtime provisions of the FLSA;

      iii. Violated overtime provisions of the IMWL by failing to pay overtime wages to Plaintiff;

      iv. Willfully violated overtime provisions of the IMWL;

      v. Violated the provisions of the IWPCA;

      vi. Willfully violated the provisions of the IWPCA;

      vii. Retaliated against and wrongfully discharged Plaintiff for exercising her rights in violation of the FLSA, 29 U.S.C. §215(a)(3);

B. Award lost wages, compensatory damages and all overtime pay owed, in an amount according to proof;

C. Award front pay and job training costs in an amount to be determined at trial;

D. Award liquidated damages;

E. Award pre-judgment interest;

F. Award punitive damages;

G. All costs and attorney's fees incurred prosecuting this claim;

H. Leave to amend to add claims under applicable state and federal laws; and,

I. For such further relief as the Court deems just and equitable.

Plaintiffs request Jury Demand.

Dated: May 27, 2008              Respectfully Submitted,

                                          /s/ Ryan F. Stephan
                                         Attorneys for the Plaintiffs
                                         James B. Zouras
                                         Ryan F. Stephan
                                         Stephan Zouras, LLP
                                         205 N. Michigan Avenue, Suite 2560
                                         Chicago, Illinois 60601
                                         312-233-1550
                                         312-233-1560 f